## AMERICAN CAR & FOUNDRY CO. v. RUCKLE.

(Circuit Court of Appeals, Third Circuit. October 30, 1912.)

### No. 1,624.

MASTER AND SERVANT (§ 289*)—MASTER'S LIABILITY FOR INJURY TO SERVANT —CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Plaintiff, who was employed by defendant in the large finishing build ing of its car works, on leaving the building with others at 6 o'clock on a December evening and starting to cross the space between that and another building of the plant, fell into a ditch being dug for a sewer and was injured. The way taken was in customary use by employés, and plaintiff testified that when he last used it, a day or two before, the ditch was not there, and he was not notified of it, nor was it lighted or guarded in any manner, and that, coming from the brightly lighted build ing into the darkness, he could not see it. There was another way pro vided for leaving the building, having a walk; but there was testimony tending to show that the walk was not safe, and that the path taken by plaintiff had been used for some months. Held, that the question of contributory negligence in so using it, instead of the walk, was prop erly submitted to the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089, 1090, 1092–1132; Dec. Dig. § 289 *]

In Error to the District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, Judge.

Action at law by Charles C. Ruckle against the American Car & Foundry Company. Judgment for plaintiff, and defendant brings error. Affirmed.

For opinion below, see 194 Fed. 459.

C. E. Sprout and John E. Cupp, both of Williamsport, Pa., for plaintiff in error.

Paul J. Sherwood, of Wilkes-Barre, Pa., for defendant in error.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

GRAY, Circuit Judge. Suit was brought in the court below by Charles C. Ruckle, the defendant in error, a resident of the borough

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of Berwick, in the state of Pennsylvania (hereinafter called the plaintiff), against the American Car & Foundry Company, plaintiff in error and defendant below, a corporation of the state of Missouri (hereinafter called the defendant), to recover damages for injuries sustained by the plaintiff, alleged to have been caused by the negligence of the defendant. Judgment having been rendered in favor of the plaintiff, this writ of error was sued out by the defendant and the evidence brought before us by the record, and from it the following facts are disclosed:

The defendant was engaged in the construction of railroad cars and was operating a large plant in the borough of Berwick, Pa., and the plaintiff was, in the month of December, 1909, as he had been for a number of years prior thereto, employed by the defendant in the finishing department of its plant in Berwick.

It appears from the evidence that at the date in question, the defendant had been for some time engaged in enlarging that portion of its plant in and about which the plaintiff was employed. The building in which plaintiff usually worked was a large one, 80 feet in width and some 900 feet in length, running north and south. The building was of brick, steel and concrete, and there were large doors at each end for the passing in and out of cars upon the tracks which ran lengthwise through it. In these large doors were small doors, for the convenience of persons entering or leaving the building. In the sides were six or seven doors, distributed at intervals of about 100 feet, used by the men in going to and coming from work. For some time prior to the accident, defendant was engaged in enlarging its plant, and in the process of doing so had taken down a large portion of the eastern wall of this finishing building, so that there might be roofed in, the open space between its eastern side and another building running parallel thereto. The opening left by the removal of this large portion of the wall had been temporarily covered in with canvas, for the protection of the employés, and in the canvas, openings had been made to correspond to the doors that had theretofore existed in the eastern wall of the building. It had been the custom, for some time prior to the accident, for the employés of the finishing department, at the close of their day's work, to take their time checks and deposit them in a box in the electrical office, some 1,500 feet distant and eastward from the finishing building. The plaintiff and other employés had accordingly, at times, in proceeding at the close of their work to this electrical office for the purpose mentioned, gone out of the southern end doors of the finishing building, and around the end of the building, on a board walk to the office in question. This walk, at a time long prior to the accident, had been complained of by the plaintiff and others as being dangerous after dark, on account of the crowds of Hungarians and others that thronged thereon and made progress in an opposite direction difficult. There is testimony tending to show that the complaint was recognized as a reasonable one by the officers of the company, and the plaintiff and other employés were told by the foreman to use the doors in the eastern side of the building, from which paths converged into a beaten track through or around

the steel plant building to the office where the time checks were to be deposited. Down through the open space separating this finishing building, on its eastern side, from the building parallel to it, a ditch some 3 or 4 feet deep was in course of construction at the time of the accident and injury complained of, for the purpose of laying a sewer in connection with the enlargement of the plant. Plaintiff testifies that, one or two days before the accident, while in company with his foreman on the usual path in the open space, he saw concrete work and digging being done at a distance of 200 or 300 feet away, north, but did not know what they were digging, nor which way they were digging; that he remarked to his foreman that they might soon have to take some other way to travel, but was told by his foreman that they would not be up that far for two or three weeks, and "that I should keep on traveling that path, and that they would let me know when it was not safe." The fact of this conversation was denied by the foreman. Plaintiff testifies that he did not see the place again, as he was busy inside at his work; that he was not notified of any danger or ditch across the path and had no knowledge of any.

At 6 o'clock on the evening of the day of the accident, he came out, as usual, through the opening in the canvas on the eastern side of the shop where he worked, with two other employés, having his tool box on his shoulder. He came from a brightly lighted room into the darkness of a December evening, and stepped at once into the deep, unguarded ditch, which he could not see under the circumstances, and of which he had no notice or knowledge. There were no guards, fenders, lights or other provisions for safety, and plaintiff testifies that he could not see the ditch before he went into it, although he looked carefully in front of him as he walked out. His companions, who he testified were with him at the time of the accident, were called by the defendant, but their testimony did not contradict in any essential particular plaintiff's testimony in regard to the accident. Counsel for defendant has with earnestness and ability urged that plaintiff was by his own testimony and under all the circumstances of the case, guilty of contributory negligence, in that he chose a dangerous way of proceeding to the place where he deposited his check, instead of a safer way through the southern end of the building.

We have already referred to the fact that there was testimony tending to show that this other way had not been for months used by the employés in going from the finishing shop to the electrical office for the deposit of their checks, on account of the alleged dangers attending it. There is no doubt a conflict of testimony bearing upon the question as to contributory negligence by the plaintiff, but we think that that question, as well as the question, whether the defendant negligently permitted a ditch to be dug across the usually frequented paths of its employés, without notice to them of the danger to be incurred, were properly submitted to the jury by the court below. The instructions given to the jury by the learned judge were appropriate and helpful, and as to them defendant, at least, has no ground for complaint. As to the question, whether the injury to his person complained of by plaintiff was caused by the accident, or had existed

prior thereto, there was some conflict of evidence, but this, as was clearly shown in the opinion of the court, in refusing the motion for a new trial, was a matter for the consideration of the jury.

On the whole case, we are of opinion that the case was properly submitted to the jury, and that no error has been shown in the refusal of the judge below, either to give peremptory instructions to the jury in favor of the defendant, or to grant the motion for judgment in favor of the defendant, non obstante veredicto.

The judgment below is affirmed.